UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TASHA CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-235 |
| | ) | |
| CHICAGO REGIONAL OFFICE OF FHEO, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Tasha Chapman filed this case alleging that her constitutional rights were violated when a Section 8 housing contractor in Columbus, Ohio, evicted her. *See generally* doc. 1. She apparently filed in this District because she was temporarily living in Savannah, Georgia. *Id.* at 3. She moved to proceed *in forma pauperis*. Doc. 2. Because she appears to lack sufficient funds to pay the filing fee, that Motion is **GRANTED**. Doc. 2. The Court might, therefore, proceed to screen her Complaint. 28 U.S.C. § 1915(e)(2). However, the United States Post Office returned as undeliverable, doc. 5, the service copy of a ministerial Order, doc. 4, which had been sent to Chapman. It appears, therefore, that Chapman has failed to keep the Court apprised of her

1

current address, in violation of the Court's Local Rules. *See* S.D. Ga. L. Civ. R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change."). Her failure to keep the Clerk apprised of her current address suggests that Chapman may have abandoned this case.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Although Chapman's failure to provide a current address suggests she is failing to prosecute this case and indicates she has not complied with the Local Rule, Chapman has not otherwise failed to comply with the Court's orders or prosecute this

case previously. Therefore, the Court will afford her an opportunity to explain and cure her noncompliance.

Accordingly, the Court **DIRECTS** Chapman to respond to this Order no later than December 20, 2024 and **SHOW CAUSE** why this case should not be dismissed. To the extent that Chapman wishes to pursue this case, she must provide the Clerk with a complete and current address, in compliance with Local Rule 11.1. Chapman is advised that failure to comply with this Order will result in dismissal. *See, e.g.,* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 6th day of December, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA